UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RICHARD STEPHEN ALDEN and JAMES CROOP, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiffs, | § § | No. _____ |
| v. | § § | JURY TRIAL DEMANDED |
| BLACK GOLD RENTAL TOOLS, INC., | § § § | |
| Defendant. | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiffs Richard Stephen Alden and James Croop (collectively referred to as "Plaintiffs") bringing this collective action and lawsuit on behalf of themselves and all other similarly situated employees to recover unpaid overtime wages from Defendant Black Gold Rental Tool, Inc. (referred to as "Defendant" or "Black Gold"). In support thereof, they would respectfully show the Court as follows:

### I. Nature of Suit

1. Plaintiffs' claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general

well-being of workers." 29 U.S.C. § 202(a).  To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and recordkeeping requirements for covered employers.  29 U.S.C. §§ 206(a), 207(a), 211(c).

3.      Black Gold violated the FLSA by employing Plaintiffs and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed."  29 U.S.C. § 207(a)(1).

4.      Black Gold violated the FLSA by failing to maintain accurate time and pay records for Plaintiffs and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

5.      Plaintiffs bring this collective action under 29 U.S.C. § 216(b) on behalf of themselves and all other similarly situated employees to recover unpaid overtime wages.

## II.  Jurisdiction & Venue

6.      The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7.      Venue is proper in this district and division pursuant to 28 U.S.C. §§ 1391(b)(1), (2) because the Defendant resides in the Corpus Christi Division of the Southern District of Texas and/or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Corpus Christi Division of the Southern District of Texas.

## III.  Parties

8.     Plaintiff Richard Stephen Alden is an individual who resides in Comal County, Texas and who was employed by Black Gold during the last three years.

9.     Plaintiff James Croop is an individual who resides in Susquehanna County, Pennsylvania and who was employed by Black Gold during the last three years.

10.     Defendant Black Gold Rental Tools, Inc. is a Texas corporation that may be served with process by serving its registered agent:

> Randy A. Davis
> 6944 Leopard
> Corpus Christi, Texas 78409

Alternatively, if the registered agent of Black Gold Rental Tools, Inc. cannot with reasonable diligence be found at the company's registered office, Black Gold Rental Tools, Inc. may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

11.     Whenever it is alleged that Black Gold Rental Tools, Inc. committed any act or omission, it is meant that the company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Black Gold Rental Tools, Inc. or was done in the routine and normal course and scope of employment of the company's officers, directors, vice-principals, agents, servants or employees.

## IV.  Facts

12.     Black Gold Rental Tools, Inc. is an oilfield tool and parts rental company; it does business in the territorial jurisdiction of this Court.

13.     Black Gold employed Plaintiff Alden as a Service Representative from approximately September 2016 until June 2018.

14.     Black Gold employed Plaintiff Croop as a Field Technician from approximately October 2013 to October 2017.

15.     Plaintiffs' primary duties were nonexempt.

16.     Service Representatives, like Alden, were primarily responsible for installation and maintenance of oilfield rental equipment at the rig site.

17.     Field Technicians, like Croop, were primarily responsible for traveling to Black Gold's clients' oilfield rigs to service and maintain rental equipment.

18.     Plaintiffs' primary duties did not include office or nonmanual work.

19.     Plaintiffs' primary duties were not directly related to the management or general business operations of Black Gold or its customers.

20.     Plaintiffs' duties did not differ substantially from the duties of traditionally nonexempt hourly workers.

21.     Plaintiffs did not exercise a meaningful degree of independent discretion with respect to the exercise of their duties.

22.     Plaintiffs did not have the discretion or authority to make any decisions with respect to matters of significance.

23.     Instead, Plaintiffs were required to follow the policies, practices and procedures set by Black Gold.

24.     Plaintiffs did not have any independent authority to deviate from these policies, practices and procedures.

25.     During Plaintiffs' employment with Black Gold, they were engaged in commerce or the production of goods for commerce.

26.     During Plaintiffs' employment with Black Gold, the company had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

27.     During Plaintiffs' employment with Black Gold, the company had an annual gross volume of sales made or business done of at least $500,000.

28.     Black Gold paid Plaintiffs on a salary basis.

29.     During Plaintiffs' employment with Black Gold, they regularly worked in excess of forty hours per week.

30.     Black Gold knew or reasonably should have known that Plaintiffs worked in excess of forty hours per week.

31.     Black Gold did not pay Plaintiffs overtime "at a rate not less than one and one-half times the regular rate at which [they were] employed."  29 U.S.C. § 207(a)(1).

32.     Instead, Black Gold paid Plaintiffs a fixed sum of money regardless of the number of hours they worked.

33.     In other words, Black Gold paid Plaintiffs for the overtime that they worked at a rate less than one and one-half times the regular rate at which they were employed in violation of the FLSA.

34.     Black Gold knew or reasonably should have known that Plaintiffs were not exempt from the overtime provisions of the FLSA.

35.     Black Gold failed to maintain accurate time and pay records for Plaintiffs as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

36.     Black Gold knew or showed a reckless disregard for whether its pay practices violated the FLSA.

37.     Black Gold is liable to Plaintiffs for their unpaid overtime wages, liquidated damages and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

38.     All Service Representatives employed by Black Gold are similarly situated to Plaintiff Alden because they (1) have similar job duties; (2) regularly worked in excess of forty hours per week; (3) are not paid overtime for the hours they work in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (4) are entitled to recover their unpaid overtime wages, liquidated damages and attorneys' fees and costs from Black Gold pursuant to 29 U.S.C. § 216(b).

39.     All Field Technicians employed by Black Gold are similarly situated to Plaintiff Croop because they (1) have similar job duties; (2) regularly worked in excess of forty hours per week; (3) are not paid overtime for the hours they work in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (4) are entitled to recover their unpaid overtime wages,

liquidated damages and attorneys' fees and costs from Black Gold pursuant to 29 U.S.C. § 216(b).

## V. Count One—
### Failure to Pay Overtime in Violation of 29 U.S.C. § 207(a)

40.     Plaintiffs adopt by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

41.     During Plaintiffs' employment with Black Gold, they were nonexempt employees.

42.     As nonexempt employees, Black Gold was legally obligated to pay Plaintiffs "at a rate not less than one and one-half times the regular rate at which [they were] employed[]" for the hours that they worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

43.     Black Gold did not pay Plaintiffs overtime as required by 29 U.S.C. § 207(a)(1) for the hours they worked in excess of forty per week.

44.     Instead, Black Gold paid Plaintiffs a fixed sum of money regardless of the number of hours they worked.

45.     In other words, Black Gold paid Plaintiffs for the overtime that they worked at a rate less than one and one-half times the regular rate at which they were in employed in violation of the FLSA.

46.     If Black Gold classified Plaintiffs as exempt from the overtime requirements of the FLSA, they were misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

47.     Black Gold knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA; in other words, Black Gold willfully violated the overtime requirements of the FLSA.

## VI.  Count Two—
### Failure to Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

48.     Plaintiffs adopt by reference all of the facts set forth above.  *See*, FED. R. CIV. P. 10(c).

49.     The FLSA requires employers to keep accurate records of hours worked by and wages paid to nonexempt employees.  29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

50.     In addition to the pay violations of the FLSA described above, Black Gold also failed to keep proper time and pay records as required by the FLSA.

## VII.  Count Three—
### Collective Action Allegations

51.     Plaintiffs adopt by reference all of the facts set forth above.  *See*, FED. R. CIV. P. 10(c).

52.     On information and belief, other employees have been victimized by Black Gold's violations of the FLSA identified above.

53.     These employees are similarly situated to Plaintiffs because, during the relevant time period, they held similar positions, were compensated in a similar manner and were denied overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

54.     Black Gold's policy or practice of failing to pay overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

55.     Since, on information and belief, Plaintiffs' experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

56.     All employees of Black Gold, regardless of their rates of pay, who were paid at a rate less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek are similarly situated.  Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.  The class is therefore properly defined as:

> All Service Representatives paid on a salary basis employed by Black Gold during the last three years.
>
> All Field Technicians paid on a salary basis employed by Black Gold during the last three years.

57.     Black Gold is liable to Plaintiffs and the members of the putative class for the difference between what it actually paid them and what it was legally obligated to pay them.

58.     Because Black Gold knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, the company owes Plaintiffs and the members of the putative class their unpaid overtime wages for at least the last three years.

59.     Black Gold is liable to Plaintiffs and the members of the putative class in an amount equal to their unpaid overtime wages as liquidated damages.

60.     Black Gold is liable to Plaintiffs and the members of the putative classes for their reasonable attorneys' fees and costs.

61.     Plaintiffs have retained counsel who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on their behalf as well as on behalf of all other putative class members.

## VIII.  Jury Demand

62.     Plaintiffs demand a trial by jury.

## IX.  Prayer

63.     Plaintiffs pray for the following relief:

    a.   an order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

    b.   judgment awarding Plaintiffs and the members of the putative class all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

    c.   prejudgment interest at the applicable rate;

    d.   postjudgment interest at the applicable rate;

    e.   incentive awards for any class representative(s); and

    f.   all such other and further relief to which Plaintiffs, the other Sales and Service Representatives, and the other Field Technicians may show themselves to be justly entitled.

Respectfully submitted,

MOORE & ASSOCIATES

By: _____
Melissa Moore
State Bar No. 24013189
Federal Id. No. 25122
Curt Hesse
State Bar No. 24065414
Federal Id. No. 968465
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFFS**

Of Counsel:

Bridget Davidson
State Bar No. 24096858
Federal Id. No. 3005005
MOORE & ASSOCIATES
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739