IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RICHARD STEPHEN ALDEN and JAMES CROOP, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 2:18-cv-00215 |
| BLACK GOLD RENTAL TOOLS, INC., | § § § | |
| Defendant. | § § | |

## ORIGINAL ANSWER OF DEFENDANT BLACK GOLD RENTAL TOOLS, INC.

TO THE HONORABLE NELVA GONZALEZ RAMOS, UNITED STATES DISTRICT JUDGE:

Black Gold Rental Tools, Inc., Defendant in the above-captioned action, answers the complaint of Plaintiffs Alden and Croop. In support thereof, Defendant would respectfully show:

### I.   ANSWER TO AVERMENTS OF PLAINTIFFS' COMPLAINT

1.   Defendant admits that Plaintiffs' Complaint invokes the Fair Labor Standards Act.

2.   Plaintiffs' policy statements regarding the FLSA do not contain averments which must be admitted or denied.

3.   Answering Plaintiffs' averments in Paragraph 3 of the Complaint, Defendant denies that it violated the FLSA as alleged, or otherwise.

4. Answering Plaintiffs' averments in Paragraph 4 of the Complaint, Defendant denies that it violated the FLSA as alleged, or otherwise.

5. Plaintiffs' policy statements regarding the FLSA do not contain averments which must be admitted or denied.

6. <u>Jurisdiction</u>:  Defendant admits that this Court has jurisdiction of this action under the FLSA and under general subject matter jurisdiction.

7. <u>Venue:</u>  Defendant admits that venue is proper in this court.

8. Defendant is without knowledge sufficient to state whether Plaintiff Richard Stephen Alden resides in Comal County, but admits that he was employed by Defendant during a portion of the last three years.

9. Defendant is without knowledge sufficient to state whether Plaintiff James Croop resides in Susquehanna County, Pennsylvania, but admits that he was employed by Defendant during a portion of the last three years.

10. Defendant admits that it is a Texas corporation.  It has been served with process and is answering timely by this pleading.

11. Defendant denies the averments of Paragraph 11 of the Plaintiff's Complaint.

12. Defendant admits the averments of Paragraph 12 of Plaintiffs' Complaint.

13. Defendant denies the averments of Paragraph 13 of Plaintiffs' Complaint that Plaintiff Alden was a service representative, as alleged by Plaintiffs.  Defendant admits that Plaintiff Alden was an employee of Defendant.

14. Defendant denies the averments in Paragraph 14 of Plaintiffs' Complaint that Plaintiff Croop was a Field Technician as alleged by Plaintiffs. Defendant admits that Plaintiff was an employee of Defendant.

15. Defendant denies Plaintiffs' claims that they were not exempt from the FLSA's overtime requirements.

16. Defendant denies the averments of Paragraph 16 of Plaintiffs' Complaint.

17. Defendant denies the averments of Paragraph 17 of Plaintiffs' Complaint.

18. Defendant denies the averments of Paragraph 18 of Plaintiffs' Complaint.

19. Defendant denies the averments of Paragraph 19 of Plaintiffs' Complaint.

20. Defendant denies the averments of Paragraph 20 of Plaintiffs' Complaint.

21. Defendant denies the averments of Paragraph 21 of Plaintiffs' Complaint.

22. Defendant denies the averments of Paragraph 22 of Plaintiffs' Complaint.

23. Defendant admits, as averred by Plaintiffs in Paragraph 23 of their Complaint, that Plaintiffs were required to follow policies, practices, and procedures; however, Defendant denies that Plaintiffs were nonexempt employees.

24. Defendant denies the averments of Paragraph 24 of Plaintiffs' Complaint.

25. Defendant admits the averments of Paragraph 25 of Plaintiffs' Complaint.

26. Defendant admits the averments of Paragraph 26 of Plaintiffs' Complaint.

27. Defendant admits the averments of Paragraph 27 of Plaintiffs' Complaint.

28. Defendant denies the averments of Paragraph 28 of Plaintiffs' Complaint.

29. Defendant denies the averments of Paragraph 29 of Plaintiffs' Complaint.

30. Defendant denies the averments of Paragraph 30 of Plaintiffs' Complaint.

31. Defendant denies that it had any obligation to pay Plaintiffs overtime as averred by Plaintiffs in Paragraph 31 of Plaintiffs' Complaint.

32. Defendant denies the averments of Paragraph 32 of Plaintiffs' Complaint.

33. Defendant denies the averments of Paragraph 33 of Plaintiffs' Complaint.

34. Defendant denies the averments of Paragraph 34 of Plaintiffs' Complaint.

35. Defendant denies the averments of Paragraph 35 of Plaintiffs' Complaint.

36. Defendant denies the averments of Paragraph 36 of Plaintiffs' Complaint.

37. Defendant denies the averments of Paragraph 37 of Plaintiffs' Complaint.

38. Defendant denies the averments of Paragraph 38 of Plaintiffs' Complaint.

39. Defendant denies the averments of Paragraph 39 of Plaintiffs' Complaint.

40. Paragraph 40 of Plaintiffs' Complaint does not contain averments which must be admitted or denied.

41. Defendant denies the averments of Paragraph 41 of Plaintiffs' Complaint.

42. Defendant denies the averments of Paragraph 42 of Plaintiffs' Complaint.

43. Defendant denies the averments of Paragraph 43 of Plaintiffs' Complaint.

44. Defendant denies the averments of Paragraph 44 of Plaintiffs' Complaint.

45. Defendant denies the averments of Paragraph 45 of Plaintiffs' Complaint.

46. Defendant denies the averments of Paragraph 46 of Plaintiffs' Complaint.

47. Defendant denies the averments of Paragraph 47 of Plaintiffs' Complaint.

48. Paragraph 48 of Plaintiffs' Complaint does not contain averments which must be admitted or denied.

49. Defendant admits the averments of Paragraph 49 of Plaintiffs' Complaint.

50. Defendant denies the averments of Paragraph 50 of Plaintiffs' Complaint.

51. Paragraph 51 of Plaintiffs' Complaint does not contain averments which must be admitted or denied.

52. Defendant denies the averments of Paragraph 52 of Plaintiffs' Complaint.

53. Defendant denies the averments of Paragraph 53 of Plaintiffs' Complaint.

54. Defendant denies the averments of Paragraph 54 of Plaintiffs' Complaint.

55. Defendant denies the averments of Paragraph 55 of Plaintiffs' Complaint.

56. Defendant denies the averments of Paragraph 56 of Plaintiffs' Complaint.

57. Defendant denies the averments of Paragraph 57 of Plaintiffs' Complaint.

58. Defendant denies the averments of Paragraph 58 of Plaintiffs' Complaint.

59. Defendant denies the averments of Paragraph 59 of Plaintiffs' Complaint.

60. Defendant denies the averments of Paragraph 60 of Plaintiffs' Complaint.

61. Paragraph 61 of Plaintiffs' Complaint does not contain averments which must be admitted or denied.

62. Defendant admits that Plaintiffs demand a jury trial, as alleged in Paragraph 62 of Plaintiff's Complaint.

63. While Defendant admits that Plaintiffs pray for relief, Defendant denies that Plaintiffs are entitled to any relief in this action.

## II. AFFIRMATIVE AND ADDITIONAL DEFENSES

64. Defendant denies that this case is appropriate for collective treatment, but if a collective action is certified, Plaintiffs' proposed class of "Class Members" is impermissibly broad.

65. Plaintiffs are subject to one or more exemptions under the FLSA.

66. Defendants plead all limitations on recovery and damages, all applicable statutes of limitations, including the limitation periods set forth in the FLSA, 29 U.S.C § 216(b) and all other applicable law.

67. All actions of Defendants in relation to the claims of Plaintiffs, and in relation to any other plaintiffs who may be joined, were taken lawfully, justly, in reliance on competent advice, and in the good faith belief that its actions were proper and in accordance with law, interpretation of law, and pursuant to industry standards.

68. All other claims asserted by any plaintiff in this proceeding are preempted by the FLSA.

69. While denying that Plaintiffs or any other party may have a valid claim against them, Defendant asserts and is entitled to all just and lawful offsets and credits to which it may be entitled, including credits for payments made to Plaintiffs, and credits for payments made to any person shown to be similarly situated.

70. Any claim against Defendant is *de minimis* and otherwise not appropriate for relief.

71. Plaintiffs' own conduct and the conduct of any person shown to be similarly situated bars their claims for relief.

72. Defendants, should any claim of any Plaintiff be approved to proceed in this action, reserve the right to make additional pleadings as necessary.

73. To the extent that Defendant may have any liability to Plaintiffs or other claimants, all actions of the named Defendant, to the extent applicable, were not willful but instead were lawful and taken in good faith belief of the legality of such actions, and in accordance with interpretations of law and in accordance with long-established industry standards.

74. Defendant, should any claim of any Plaintiff proceed against it, reserves the right to make additional pleadings as necessary. This Answer shall serve as the answer of any proper defendant, in the absence of further pleading and to the limited extent but fully as necessary to protect the interests of proper parties.

WHEREFORE, PREMISES CONSIDERED, Defendant, Black Gold Rental Tools, Inc., respectfully prays that this Honorable Court strike Plaintiffs' pleadings and dismiss Plaintiffs' claims for relief as described above; that all claims by Plaintiffs or related to the allegations of Plaintiffs be dismissed, or denied; and that the named Defendant have all relief, at law and in equity, to which it may be justly entitled.

>                       Respectfully submitted,
>                       **WOOD, BOYKIN & WOLTER, P.C.**
>                       Of Counsel
>
>
>                   By:   */s/Frederick J. McCutchon*
>                       Frederick J. McCutchon
>                       **Attorney in Charge**
>                       Federal I.D. No. 9245
>                       State Bar No. 13512800

        615 N. Upper Broadway, Suite 1100
        Corpus Christi, Texas 78477
        (361) 888-9201
        (361) 888-8353 (facsimile)
        fjm@wbwpc.com
        **ATTORNEYS FOR DEFENDANT**
        **Black Gold Rental Tools, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on this the 1st day of October, 2018, a true and correct copy of the foregoing has been forwarded to all parties as indicated below.

*Electronic Filing System (via cm/ecf system):*
Melissa A. Moore
Curt C. Hesse
Bridget A. Davidson
Moore & Associates
440 Louisiana Street, Suite 675
Houston, Texas 77002
Melissa@mooreandassociates.net
curt@mooreandassociates.net
Bridget@mooreandassociates.net

**Attorney for Plaintiffs**

        _/s/Frederick J. McCutchon_
        Frederick J. McCutchon

7330-1\Pleadings\ 18 Dft Orig. Answer 0928-24-29