UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RICHARD STEPHEN ALDEN and JAMES CROOP, Individually and On Behalf of All Others Similarly Situated, | § | |
| *Plaintiff*, | § | |
| v. | § | No. 2:18-cv-00215 |
| BLACK GOLD RENTAL TOOLS, INC., | § | |
| *Defendant*. | § | |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT & STIPULATION OF DISMISSAL WITH PREJUDICE**

Plaintiffs Richard Stephen Alden and James Croop and Opt-In Plaintiffs Ismael Sanchez and Jason McCullough and Defendant Black Gold Rental Tools, Inc. (collectively referred to as the "Parties") seek court approval of the settlement recently reached in this matter. The Parties represent that the settlement is fair and equitable. Should the court approve the settlement, then pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure, the Parties stipulate to the dismissal of this case with prejudice, with each of the Parties to bear their own respective attorneys' fees and court costs.

## I. Introduction

This action was filed under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA") alleging that Defendant failed to pay Plaintiffs overtime wages as required by law. (*See*, Pl.'s Compl. (Doc. 1).) This case is a collective action. (*See*, Order (Doc. 32).) Under the opt-in procedures approved by the Court, all potential parties received notice, and some opted in. The opt-in period has closed, and the parties have each pursued discovery regarding the claims and defenses. The Parties have negotiated and resolved Plaintiffs' individual claims. Now, because the Parties have reached an agreement that disposes of all Plaintiffs' claims for unpaid overtime wages, liquidated damages, and attorneys' fees and costs, the Parties request that the Court approve the agreement and dismiss Plaintiffs' claims and this case with prejudice.

## II. Argument & Authorities

Because Plaintiffs' claims arise under the FLSA, the Court must scrutinize the settlement for fairness before approving it. *Schulte v. Gangi*, 328 U.S. 108, 113 n.8 (1946); *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 717 (E.D. La. 2008). This is because "[t]he provisions of the [FLSA] are mandatory, and not subject to negotiation and bargaining between employers and employees." *Collins*, 568 F. Supp. 2d at 718. "When a court scrutinizes an FLSA settlement agreement, it must determine that the compromise is a fair and reasonable resolution of a bona fide dispute over the FLSA's provision." *Domingue v. Sun Elec. & Instrumentation, Inc.*, No. 09-cv-682, 2010 U.S. Dist. LEXIS 40768, at *1-*2 (E.D. La. Apr. 26, 2010).

The Fifth Circuit has held that parties may enter into private enforceable agreements settling FLSA claims when a bona fide dispute as to liability exists. *Martin v. Spring Break 83 Prods., L.L.C.*, 688 F.3d 247 (5th Cir. 2012). In reaching its decision, the court approved of the rationale expounded by *Martinez v. Bohls Bearing Equip. Co.*, 361 F. Supp. 2d 608, 634 (W.D. Tex. 2005), in which the court concluded that "parties may reach private compromises as to FLSA claims where there is a bona fide dispute as to the amount of hours worked or compensation due." *Id.* at 255 (quoting *Martinez*, 361 F. Supp. 2d at 631); *see also*, *Martinez*, 361 F. Supp. 2d at 634 ("a private compromise of claims under the FLSA is permissible where there exists a bona fide dispute as to liability."). A release in compliance with such a compromise is enforceable. *See*, *Martin*, 688 F.3d at 255; *Martinez*, 361 F.Supp.2d at 631. The *Martin* court also held that the private settlement agreement between the parties was enforceable because the plaintiffs in that case were "benefitting from legal counsel before the Settlement Agreement was signed," and "knew about their rights under the FLSA." *See*, *Martin*, 688 F.3d at 256 n.10.

In this case, the Parties mutually agree that there exists a bona fide dispute as to Defendant's liability, if any, the amount of hours worked by Plaintiffs during their employment with Defendant, and the compensation due, if any, based on certain enumerated exemptions to the FLSA asserted by Defendant to be applicable to the Plaintiffs. As a result of the litigation efforts expended in this case by the Parties, and in order to avoid a potentially costly and lengthy trial setting, Plaintiffs and Defendants

have reached a private settlement of all claims, defenses and disputes between them in this cause. During negotiation, and at the time of execution, Plaintiffs had the benefit of the undersigned legal counsel, and were aware of their rights under the FLSA. By entering into this settlement, Defendants are not admitting any liability or violation of the FLSA, both of which are specifically denied.

Through negotiation, the Parties reached a settlement of their dispute. The terms of the settlement have been approved by Plaintiffs, Plaintiffs' counsel, Defendant and Defendant's counsel. In arriving at the proposed settlement, the Parties considered: (i) liability disputes; (ii) whether Plaintiffs are entitled to liquidated damages; (iii) whether Defendants acted willfully and the appropriate statute of limitations; (iv) the correct method for calculating damages, if any, (v) the disputed amount of overtime hours allegedly worked, (vi) the disputed amount of overtime wages allegedly owed, (vii) the applicability of certain exemptions, (viii) the likelihood of Plaintiffs' success on their claims, and (ix) other factual and legal issues. The settlement was negotiated at arms' length. The settlement amount includes both estimated unpaid overtime wages for Plaintiffs, an equal amount for liquidated damages, and Plaintiffs' attorneys' fees. The terms of the settlement, including the amount of alleged unpaid wages, liquidated damages and attorneys' fees, are fair, reasonable, and in the best interest of the Parties. *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977) (strong presumption in favor of finding a settlement fair).

The terms of the settlement agreement reached by the Parties are confidential. However, if the Court would like to review the terms of the settlement agreement, then the Parties respectfully request that they be permitted to submit a copy of the settlement agreement for *in camera* inspection to the protect the confidentiality of the terms.

Wherefore, Plaintiffs and Defendants respectfully request that the Court approve the settlement and enter an agreed order of dismissal of this lawsuit and the claims of all Plaintiffs with prejudice, with each party to bear their own court costs and attorneys' fees in conformance with the foregoing stipulation.

Respectfully Submitted,

WOOD, BOYKIN & WOLTER, P.C.

By: ______________________

Frederick J. McCutchon
Texas Bar No. 13512800
Federal Id. No. 9245
615 N. Upper Broadway, Ste. 1100
Corpus Christi, Texas 78477
Telephone: (361) 888-9201
Facsimile: (361) 888-8353

ATTORNEY FOR DEFENDANT

Respectfully Submitted,

MOORE & ASSOCIATES

By: ______________________

Melissa Moore
Texas Bar No. 24013189
Federal Id. No. 25122
Curt Hesse
Texas Bar No. 24065414
Federal Id. No. 968465
Lyric Centre
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

As required by FED. R. CIV. P. 5(a)(1), I certify that I served this document on all parties or their attorney(s) of record—which are listed below—on November 15, 2019, in accordance with FED. R. CIV. P. 5(b) as follows:

Frederick J. McCutchon
WOOD, BOYKIN & WOLTER, P.C.
Attorney for Defendant Black Gold Rental Tools, Inc.

- ☐ mail
- ☐ personal delivery
- ☐ leaving it at ☐ office ☐ dwelling
- ☐ leaving it with court clerk
- ☐ electronic means
- ☐ other means
- ☒ CM/ECF system

/s/ Melissa Moore
Melissa Moore