United States District Court
Southern District of Texas
**ENTERED**
November 21, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| RICHARD STEPHEN ALDEN, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 2:18-CV-215 |
| § | |
| BLACK GOLD RENTAL TOOLS, INC., § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND RECOMMENDATION TO APPROVE SETTLEMENT

Pending is the parties' Joint Motion for Approval of Settlement & Stipulation of Dismissal with Prejudice. (D.E. 51). This case has been referred to the undersigned for case management pursuant to 28 U.S.C. § 636. For the reasons set forth below, the undersigned recommends the Court **GRANT** the motion to approve the settlement, dismiss this action with prejudice with each party incurring their own costs, and enter final judgment.

This is a collective action brought pursuant to the Fair Labor Standards Act of 1983, 29 U.S.C. §§ 201-219 ("FLSA"). Defendant is a Texas Corporation in the business of renting tools and parts in the oil field services industry. Plaintiffs are current or former employees of Defendant who worked as service representatives, field technicians, or shop technicians. Plaintiffs allege they were improperly paid a fixed or flat rate and they were not properly compensated for overtime. On February 7, 2019, the Court granted Plaintiffs' motion for conditional certification and ordered notice to potential "opt-in"

Plaintiffs. (D.E. 32). There are two named Plaintiffs and two opt-in Plaintiffs in this action.

On November 1, 2019, the parties filed their Stipulation of Dismissal indicating all claims have been compromised and settled. (D.E. 49). On November 6, 2019, the undersigned ordered the parties to file a motion for approval of their settlement. (D.E. 50). The parties complied and filed the instant motion on November 15, 2019. (D.E. 51). A hearing on the motion was held before the undersigned on November 21, 2019.

The FLSA provides that "[a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be...." 29 U.S.C. § 216(b). FLSA claims may be compromised if the settlement is (1) supervised by the Secretary of Labor under 29 U.S.C. § 216(c) or (2) approved by a court under 29 U .S.C. § 216(b). *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982). If the settlement reflects "a reasonable compromise over issues," the court may approve it. *Id.* at 1354. The Fifth Circuit has held parties may privately settle an FLSA wage claim provided there is a bona fide dispute as to the hours worked or the compensation due. *Martin v. Spring Break '83 Productions*, L.L.C., 688 F.3d 247, 255 (5th Cir. 2012).

During the hearing before the undersigned, the parties explained a bona fide dispute exists as to whether Plaintiffs are entitled to overtime compensation. Defendant has asserted the Plaintiffs qualify for the "Outside Sales Exemption" which if applicable

would exempt Defendant from paying overtime to these employees.[1] Plaintiffs' counsel agreed that the outside sales exemption is a hotly contested matter in this case. Additionally, the parties agree there is a bona fide dispute as to the number of hours worked by Plaintiffs. Simply put, there is a dispute as to the number of overtime hours worked by Plaintiffs. Finally, the settlement was reached before the parties litigated dispositive motions. Therefore, each side has saved the time, expense, and uncertainty of litigating contested dispositive motions.

With regard to the reasonableness of the settlement, all of the Plaintiffs, named and opt-in, are represented by counsel and agree to the terms of the settlement. Further, this settlement was reached after the opt-in period, which means that all of the eligible employees and former employees of defendant were notified and given the opportunity to join this lawsuit. While the parties wish the exact terms of the settlement to remain confidential, the parties represented that Plaintiffs (employees/workers) are receiving a monetary settlement equal to or greater than the amount Plaintiffs' counsel believes they should have been paid for overtime. The settlement does not include liquidated damages, but does include attorney's fees, however, the attorney's fees are less than the total compensation received by the Plaintiffs (employees/workers).

The undersigned agrees that there is a bona fide dispute as to liability and damages and further agrees that the settlement is fair and reasonable. The undersigned

---

[1] Certain sales persons are exempt from the requirement that they receive compensation for overtime. 29 C.F.R. § 541.500(a)(1)-(2).

recommends that the Court **GRANT** the motion to approve the settlement, dismiss this action with prejudice with each party incurring their own costs, and enter final judgment.

Respectfully submitted this 21st day of November 2019.

_____
Jason B. Libby
United States Magistrate Judge